**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000085
16-DEC-2011
10:35 AM**

NO. CAAP-10-0000085

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
KAREN A. OSHIRO, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1P109-12182)


SUMMARY DISPOSITION ORDER
(By: Reifurth and Ginoza, JJ.; and
Leonard, Presiding J., dissenting)

Defendant-Appellant Karen A. Oshiro ("Oshiro") appeals from the Notice of Entry of Judgment and/or Order ("Judgment"), filed on September 22, 2010 in the District Court of the First Circuit, Honolulu Division ("District Court").[1] Oshiro was charged by complaint with harassment, in violation of Hawaii Revised Statutes ("HRS") § 711-1106(1)(b) and/or (1)(f) (Supp. 2010).[2] After a bench trial, the District Court found Oshiro

---

[1] The Honorable Gerald Kibe presided.

[2] HRS § 711-1106(1)(b) and (1)(f) provide as follows:

> **Harassment.** (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:
>
> . . . .
>
> (b) Insults, taunts, or challenges another person in a manner likely to provoke an immediate violent response or that would cause the other person to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another; [or]
>
> (f) Makes a communication using offensively coarse language that would cause the recipient to

(continued...)

guilty as charged of both the HRS § 711-1106(1)(b) and (1)(f) means of committing harassment.[3/] The District Court sentenced Oshiro to six months of probation, subject to the condition that she obtain an anger-management assessment and any treatment deemed necessary; imposed a $150 fine; and a prohibition against committing any federal or state crime while on probation.

On appeal, Oshiro contends that (1) there was insufficient evidence to convict her of Harassment and (2) the District Court plainly erred by failing to dismiss the charge as *de minimis*, pursuant to HRS § 702-236 (1993).[4/]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[2/] (...continued)
> reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another.

HAW. REV. STAT. § 711-1106(1)(b) and (1)(f) (Supp. 2010).

   [3/]    Despite the fact that the District Court explicitly convicted Oshiro under both HRS § 711-1106(1)(b) and (1)(f), the Judgment reflects conviction only under HRS § 711-1106(1)(b). As a result, we remand the case to the District Court to amend the Judgment to correct a clerical error under Hawaii Rules of Penal Procedure ("HRPP") Rule 36.

   [4/]
> **De minimus infractions.** (1) The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct:
>
> > (a)   Was within a customary license or tolerance, which was not expressly refused by the person whose interest was infringed and which is not inconsistent with the purpose of the law defining the offense; or
> >
> > (b)   Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
> >
> > (c)   Presents such other extenuations that it cannot reasonably be regarded as envisaged by the legislature in forbidding the offense.
>
> (2)   The court shall not dismiss a prosecution under subsection (1)(c) of this section without filing a written statement of its reasons.

HAW. REV. STAT. § 702-236 (1993).

the arguments advanced and the issues raised by the parties, we affirm the Judgment and resolve Oshiro's points of error as follows:

(1) Oshiro contends that she did not possess the requisite intent to harass, annoy or alarm the complaining witness ("CW"). "[T]he mind of an alleged offender[, however,] may be read from his acts, conduct and inferences fairly drawn from all the circumstances." *State v. Stocker*, 90 Hawai‘i 85, 92, 976 P.2d 399, 406 (1999) (citations omitted) (quoting *State v. Mitsuda*, 86 Hawai‘i 37, 44, 947 P.2d 349, 356 (1997)).

Given the evidence, it is reasonable to infer that Oshiro intended to harass, annoy, or alarm the CW when, as the District Court found, Oshiro reached over the fence that divided their properties to pull on a tree branch in the CW's yard; referred to the CW three to four times as "you fuckin' bitch" in a very angry tone of voice; stated after her son's voice was heard – and again in a very angry tone – that "I can knock the fuckin' bitch down"; and that she (Oshiro) could do anything she wanted so long as she stayed in her own yard. Oshiro was four to five feet away from the CW with a four-foot high chain link fence between them during the incident. In addition, those communications were reasonably determined to be of an offensively coarse nature that caused the CW to reasonably believe that Oshiro intended to cause bodily injury to the CW or damage to the CW's property.

We conclude that when viewed in the light most favorable to the prosecution, as we must, there was substantial evidence to support Oshiro's conviction. *See State v. Tamura*, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981). In sum, we do not agree with Oshiro that the elements of HRS § 711-1106(1)(b) and/or (f) were not met.

(2) Oshiro did not move the District Court to dismiss the charge as a *de minimis* infraction under HRS § 702-236. The decision to dismiss a charge pursuant to HRS § 702-236 rests in the sound discretion of the trial court. *State v. Ornellas*, 79 Hawai‘i 418, 423, 903 P.2d 723, 728 (App. 1995). As a general rule, an argument not raised in the trial court will be deemed to have been waived on appeal. *State v. Moses*, 102 Hawai‘i 449,

456, 77 P.3d 940, 947 (2003). As a result, we decline to consider Oshiro's argument that her harassment charge should have been dismissed as a *de minimis* infraction, which she raises for the first time on appeal.

Therefore,

IT IS HEREBY ORDERED that Judgment filed on September 22, 2010 in the District Court of the First Circuit, Honolulu Division, is affirmed. Furthermore, the case is remanded to the District Court for amendment of the Judgment in a form consistent with that announced by the District Court on the date of the Judgment's entry.

DATED: Honolulu, Hawai'i, December 16, 2011.

On the briefs:

Jennifer D.K. Ng,
Deputy Public Defender,
for Defendant-Appellant.

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

4